IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**UNITED STATES OF AMERICA**,

v.

**E. LAMAR PATTERSON**,                      Case No. 7:12-CR-31 (HL)

    Defendant.

**ORDER**

Before the Court is Defendant E. Lamar Patterson's Motion for Reconsideration (Doc. 216). The motion is denied. Defendant goes to some length to clarify that his earlier motion asked the Court to examine whether its failure to appreciate at sentencing that it had the authority to consider *sua sponte* his pre-sentence cooperation with the Government constituted procedural error. Defendant's procedural error argument has two flaws. First, neither Defendant nor his counsel ever objected to the presentence report. Second, there was nothing in the record before this Court at sentencing that indicated Defendant had been cooperating with the Government. Thus, the question of whether a district court commits procedural error by failing to consider pre-sentencing cooperation, even absent a motion from the Government,[1] is a moot point here. See United States v. Robinson, 741 F.3d 588, 601-02 (5th Cir. 2014) (noting the

---

[1] Defendant admits the Eleventh Circuit has never held procedural error would have occurred in this situation.

sentencing court committed procedural error because it heard arguments by defense counsel and acknowledged the "very valuable" information provided by the defendant).

**SO ORDERED**, this the 7th day of April, 2014.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

scr