IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| E. LAMAR PATTERSON, | : | |
| | : | |
| Petitioner, | : | |
| | : | 7: 12-CR-31-002 (HL) |
| VS. | : | 28 U.S.C. § 2255 |
| | : | 7: 14-CV-71 (HL) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

# RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, filed with the Clerk on May 13, 2014, is before this Court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  (Doc. 218).

Petitioner was indicted in this Court on September 12, 2012, on charges of conspiracy to possess with intent to distribute cocaine, and possession with intent to distribute cocaine.  (Doc. 1).  On January 14, 2013, Petitioner entered into a Plea Agreement with the government and pleaded guilty to possession with intent to distribute cocaine.  (Docs. 135, 136).  Petitioner was sentenced to 108 months imprisonment, to be followed by 5 years of Supervised Release.  (Docs. 166, 174).  Petitioner's conviction became final on April 19, 2013, fourteen (14) days after the entry of judgment on April 5, 2013, when the time for filing a notice of appeal expired.[1,2]

---

[1] Federal Rule of Appellate Procedure 4(b)(1) provides that a defendant's notice of appeal must be filed within 14 days after entry of the district court's judgment.

[2] Petitioner's judgment was later amended, and Petitioner was sentenced to 80 months imprisonment, to be followed by five years of supervised release.  (Doc. 212).  The amended judgment does not change the date Petitioner's conviction became final.  *Murphy v. United States*, 634 F.3d 1303, 1309 (11th Cir. 2011).

Section 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The limitations period ran on April 21, 2014[3], which is 1 year after Petitioner's judgment became final. Petitioner did not execute this habeas Petition until May 7, 2014 (Doc. 218), which was sixteen (16) days after the limitations period had run. Petitioner has failed to provide any argument or evidence to show that his Petition is timely filed. This § 2255 Motion is untimely filed, and it is the recommendation of the undersigned that Petitioner's § 2255 Motion (Doc. 218) be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its final Order. If the Petitioner

---

[3] The one year time period expired on Saturday, April 19, 2014, giving Petitioner until April 21, 2014 to file his §2255 Motion.

files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

    **SO RECOMMENDED**, this 23rd day of May, 2014.

                                            s/ ***THOMAS Q. LANGSTAFF***
                                            UNITED STATES MAGISTRATE JUDGE

llf