IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| E. LAMAR PATTERSON, | : | |
| | : | |
| Petitioner, | : | |
| | : | 7: 12-CR-31-002 (HL) |
| VS. | : | 28 U.S.C. § 2255 |
| | : | 7: 14-CV-71 (HL) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## ORDER AND SUPPLEMENTAL RECOMMENDATION

Petitioner filed a Motion for Leave to Amend and Amended Petition in lieu of filing Objections to the pending Report and Recommendation filed on May 23, 2014. (Doc. 220). After conducting a preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the undersigned recommended that Petitioner's Petition be dismissed as untimely filed because Petitioner did not execute his Petition until sixteen (16) days after the limitations period had run. (Doc. 219). Petitioner now files a Motion for Leave to Amend, contending that he is entitled to equitable tolling.

A habeas petition may be amended as provided by Rule 15 of the Federal Rules of Civil Procedure. *Mayle v. Felix*, 545 U.S. 644, 649 (2005). Pursuant to Rule 15(a),

> (1) *Amending as a Matter of Course*
> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Petitioner may not amend his Petition as a matter of course at this time. Further, Respondent has not provided written consent. Thus, Petitioner's only means for amending his Petition is with the Court's leave.

Petitioner's Amended Petition asserts that Petitioner is entitled to equitable tolling. (Doc. 220-1). In his original Motion to Vacate, Petitioner did not provide information regarding the timeliness of his Petition. (Doc. 218). As a result, the Court did not consider any equitable tolling arguments in its initial Recommendation. The Court finds that justice requires the consideration of Petitioner's assertions regarding equitable tolling in light of the Court's initial determination that the Petition was untimely filed. Further, Respondent has not been ordered to respond to the Petition, and thus will not be prejudiced by the granting of this Motion to Amend. Accordingly, Petitioner's Motion for Leave to Amend is **GRANTED**, and Petitioner's Petition is deemed supplemented by the Amended Petition.

As a result of the Amended Petition, the Court has conducted an additional preliminary review, and files the following supplemental Recommendation. In his Amended Petition, Petitioner asserts that he is entitled to equitable tolling during the approximate one (1) month period he was held in the Crisp County Detention Center for the purpose of being available to testify at a trial for the government. (Doc. 220-1). Petitioner contends that he had no access to his personal legal materials during this time, and he was unable to obtain copies of the sentencing guideline manual or the Federal Rules of Criminal Procedure. Petitioner states that he has been pursuing his rights diligently, and thus is entitled to equitable tolling.

A petitioner is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562 (2010) (internal citations

omitted); *Sandvick v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (finding equitable tolling applies to §2255 cases). "In the Eleventh Circuit, routine transfers resulting in separation from legal papers . . . [is] generally not considered 'extraordinary circumstances' for purposes of invoking equitable tolling." *Abdullah v. United States*, 2012 WL 4475730, *3 (M.D. Ala. July 20, 2012). Additionally, lack of access to a law library or law books does not generally entitle a petitioner to equitable tolling. *Cutts v. Jones*, 2009 WL 230091, *7 (M.D. Ala. Jan. 30, 2009); *Miller v. Florida*, 307 Fed. Appx. 366, 368 (11th Cir. 2009).

      Petitioner's lack of access to his legal papers and lack of access to law books for one (1) month does not show an "extraordinary circumstance" that would warrant equitable tolling. Further, Petitioner has provided no explanation as to why he was unable to file his Petition during the eleven (11) months he was not being held in a county detention facility, during which he presumably had access to his personal legal materials and to law books. Accordingly, the undersigned finds that the evidence provided in Petitioner's Amended Petition does not warrant equitable tolling in this case. *See Paulcin v. McDonough*, 259 Fed. Appx. 211, 213 (11th Cir. 2007) (holding a transfer to a county jail and denial of access to legal papers and the law library did not constitute extraordinary circumstances that would warrant equitable tolling); *Sanchez v. United States*, 170 Fed. Appx. 643, 647 (11th Cir. 2006) (finding that a prison lockdown, which precluded access to the law library while the petitioner was preparing his petition, was not an extraordinary circumstance given the fact that the petitioner had nearly eleven months prior to the lockdown to prepare his petition).

      As Petitioner did not file a habeas petition until more than one year after his conviction became final and has not shown that he is entitled to equitable tolling, his federal habeas Petition is untimely. The undersigned hereby supplements his original Recommendation of dismissal filed on May 23, 2014 (Doc. 219) with this Supplemental Recommendation of dismissal. That previous

Recommendation (Doc. 219) remains pending, as supplemented herein.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Therefore, it is recommended that the Court deny a certificate of appealability in its final Order.  If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO ORDERED AND RECOMMENDED**, this 18th day of June, 2014.

                                            s/ ***THOMAS Q. LANGSTAFF***
                                            UNITED STATES MAGISTRATE JUDGE

llf